UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR LAUZARDO FOMINALLA (A-098-943-662), | No. 1:26-cv-04283-DC-CSK (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| WARDEN OF CALIFORNIA CITY (ICE), et al., | (ECF No. 6) |
| Respondents. | |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 29, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 6.) The magistrate judge recommends Petitioner be released and his petition be granted as to his second claim for relief, "based on respondent's failure to establish a reasonable likelihood of removal in the reasonably foreseeable future." (ECF No. 6 at 7.) Because the magistrate judge recommends relief based on that claim, the magistrate judge does not address the merits of Petitioner's third claim for relief in which Petitioner asserts "the revocation of his order of supervision was

1

improper where ICE failed to provide an informal interview." (*Id.* at 3, 7.)

On August 5, 2026, Respondents filed objections to the findings and recommendations, in which Respondents emphasize that "the only pre-requisite to Petitioner's removal to Mexico is the Petitioner's cooperation" because "Mexico will accept Cuban nationals as long as they agree to go to Mexico voluntarily." (ECF No. 7 at 1.) The undersigned has considered Respondents' objections, but because the undersigned finds consideration of Petitioner's third claim of relief to be dispositive, the court need not address Respondents' objections as to his second claim.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court declines to adopt the magistrate judge's recommendation as to Petitioner's second claim of relief and will instead analyze Petitioner's third claim for relief, in which he alleges—and Respondents do not dispute—that Respondents did not follow the procedures set forth under 8 U.S.C. § 241.13(i). (ECF Nos. 1 at 7; 6 at 3, 7.) As the magistrate judge acknowledges, Petitioner alleges that the government's revocation of his release was unlawful because he did not "receive any informal release interview" or receive evidence that the government had "any travel document at hand." (ECF Nos. 1 at 7; 6 at 3, 7.) The documents attached to Respondents' answer show that Respondents detained Petitioner on October 21, 2025, to effectuate his removal. For example: Respondents assert Petitioner is detained "to effectuate his removal" (ECF No. 5 at 1, 3, 4); Petitioner's Form I-213 indicates Petitioner "will remain in ICE custody pending his removal" and does not state the reasons provided to Petitioner for his detention (ECF No. 5-2 at 5–7); upon his immigration detention, Petitioner was provided with a warning for failing to willfully depart the United States (ECF No. 5-2 at 7), as opposed to, for example, a notice of revocation of his February 14, 2020, Order of Supervision (ECF No. 5-1 at 3) for failing to comply with his conditions of release; and, it appears ICE did not make a decision that Petitioner is a flight risk and presents a danger to the public until nearly seven months after detaining him. (ECF No. 5-1 at 3.)

/////

/////

2

In detaining Petitioner to effectuate his removal, Respondents were obligated to abide by the revocation procedures set forth under 8 U.S.C. § 241.13(i).[1] However, Petitioner alleges that Respondents failed to provide him with an informal interview, and Respondents provide no evidence to the contrary. (ECF Nos. 5; 5-1.) Further, there is no indication in the immigration records provided by Respondents that on or before Petitioner's re-detention on October 21, 2025, Respondents had made a determination that circumstances had changed such that there was a significant likelihood that Petitioner would be removed in the reasonably foreseeable future. (ECF Nos. 5; 5-1; 5-2.) Indeed, the Warrant of Removal (ECF No. 5-2 at 49–50) and Notice of Removal to Mexico (ECF No. 5-2 at 69) were not issued to Petitioner until nearly five months after he was detained. *See Bonilla v. Noem*, No. 1:26-cv-01425-DC-SCR (HC), 2026 WL 849579, at *3 (E.D. Cal. Mar. 27, 2026) (granting temporary restraining order and releasing the petitioner who had "shown that ICE likely violated its own rule under § 241.13(i)(2), given the lack of any evidence of a determination of changed circumstances to justify the revocation of Petitioner's release"). For these reasons, Petitioner has shown that Respondents violated 8 U.S.C. § 241.13(i)(2)–(3).

This court has previously found that where the government detains a noncitizen in order to effectuate removal but fails to abide by the procedures set forth under 8 U.S.C. § 241.13(i)(2)–(3),

/////

---

[1] The revocation procedure set forth in 8 C.F.R. § 241.13(i)(3) provide as follows:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3).

3

the appropriate remedy is immediate release.[2] *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025), *Vuong v. Becerra,* 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025), and *El-Ghazaly v. Chestnut,* 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 29, 2026 (ECF No. 6), are ADOPTED IN PART;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED as to Petitioner's third claim for relief;

3. Respondents are ordered to IMMEDIATELY RELEASE Petitioner Vladimir Lauzardo Fominalla (A-098-943-662) from ICE custody under the same conditions he was previously released in his Order of Supervision on February 14, 2020. If Respondents have custody of Petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), Respondents shall return those to Petitioner at the time of release. Respondents are enjoined and restrained from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements of 8 C.F.R. § 241.13(i) for revocation of release, and any other applicable statutory and regulatory procedures;

4. Within seven (7) days of the date of entry of this order, Respondents are ORDERED to file a status report confirming his release;

5. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this order; and

/////

---

[2] Because the court is granting the petition on Petitioner's third claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

4

6.    The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **August 11, 2026**

_____
Dena Coggins
United States District Judge